UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

MARY ADAMS, et al.,              )
                                 )
        Plaintiffs               )
                                 )
    v.                           )   1:10-cv-00258-JAW
                                 )
MAINE MUNICIPAL ASSOCIATION,     )
                                 )
        Defendant.               )

**ORDER DISMISSING MOTIONS FOR SUMMARY JUDGMENT**

In this 42 U.S.C. § 1983 case, the Plaintiffs claim that the Maine Municipal Association (MMA) violated their constitutional rights by taking sides in citizen initiatives and expending public funds for partisan political activity. The MMA defends itself by saying its actions constitute government speech. To be protected as government speech, the speaker must be part of government and the record is insufficient to determine whether MMA is an arm of government. The Court dismisses without prejudice the dueling motions for summary judgment.

**I.   THE GOVERNMENT SPEECH DOCTRINE AND THE MMA**

The parties moved separately for summary judgment with arguments centering on whether the MMA's lobbying efforts and related actions opposing several tax reform initiatives are government speech. To reach this issue, the Court must first determine whether the MMA is, in fact, an entity of the government. The parties' voluminous statements of material facts (and voluminous objections) are

insufficient to determine whether the MMA is a governmental, quasi-governmental, or private entity.

For example, the Plaintiffs varyingly refer to the MMA as a "municipal league," *Pls.' Statement of Material Facts in Support of Mot. for Summ. J.* ¶ 16, Attach 1 (Docket # 21) (PSMF), a "nonprofit governmental organization," PSMF ¶ 27, a "public entity," *Pls.' Mot. for Summ. J. with Incorporated Mem. of Law* at 11, 13 (Docket # 21) (*Pls.' Mot.*); *Pls.' Resp. to Def.'s Mot. for Summ. Judgment* at 2, 15 (Docket # 28) (*Pls. Opp'n*), an "instrumentality of local government," *Pls.' Mot.* at 12, and "a creature of municipal government by statute, funding, governance and membership." *Id.* at 12.

By contrast, the MMA describes itself as "a voluntary membership organization offering numerous professional services to municipalities and local government entities," *Statement of Undisputed Material Facts of Def. Me. Mun. Ass'n in Support of its Mot. for Summ. J.* ¶ 5 (Docket # 24) (DSMF); *Pls.' Opposing Statement of Material Facts and Add'l Facts* ¶ 5, Attach 1 (Docket # 28) (PODSMF), a "state municipal league," DSMF ¶ 13, a "legislatively-endorsed advocate for the interests of Maine's municipal governments," *Mem. of Law of Def. Me. Mun. Ass'n in Support of its Mot. for Summ. J.* at 2 (Docket # 23) (*Def.'s Mem.*), "not a public agency." *Def.'s Mem.* at 33, "a private corporation existing under the general nonstock corporation provisions" of the Maine Revised Statutes, *Def.'s Mem.* at 33, and a "nonprofit advisory organization to Maine's municipalities." *Def.'s Mem.* at 4.

2

The parties' descriptions of the MMA's role in the tax reform initiatives are inconsistent and disputed. The MMA states that it registered and reorganized PACs to distribute campaign messages to oppose ballot initiatives that would have had a direct impact on the functioning of municipal government, DSMF ¶¶ 63-64, 102; PODSMF ¶¶ 63-64, and asserts that "[i]t is undisputed that the MMA effectively controlled the message disseminated by the Citizen Initiative PACs." *Def.'s Mem.* at 18. The Plaintiffs respond that the MMA did not have control over the political action committees (PACs) whose actions they claim were unlawful. *Pls.' Opp'n* at 6.

Furthermore, the MMA's funding and membership structure raises questions about its status. A portion of its revenue is derived from dues from municipal members, PSMF ¶ 22, and a portion is derived from administrative fees charged by several affiliated insurance trusts that provide insurance to municipalities. PSMF ¶¶ 24, 31. While the bulk of the MMA's membership consists of Maine municipalities, it is also comprised of other regional municipal associations, municipal professional organizations may join as "affiliates," and private individuals, students, professionals, and businesses may join as "patrons." DSMF ¶ 6; PODSMF ¶ 6.

The parties' highly controverted statements of material facts do not permit the Court to make the necessary preliminary determination as to whether the MMA is, in fact, a government entity and, if so, the degree of control the MMA exercises over the PACs. The Court has therefore dismissed without prejudice the pending

3

dispositive motions and will schedule a conference to discuss how to best resolve this case.[1]

## II. CONCLUSION

The Court DISMISSES without prejudice Plaintiffs' Motion for Summary Judgment (Docket # 21) and Motion for Summary Judgment of Defendant Maine Municipal Association (Docket # 22).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 20th day of September, 2011

---

[1] The Plaintiffs raised some non-constitutional issues but the resolution of those issues depends, as well, on MMA's identity.