UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MARY ADAMS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:10-cv-00258-JAW |
| | ) | |
| MAINE MUNICIPAL | ) | |
| ASSOCIATION, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S MOTION TO STRIKE**

With a motion for summary judgment pending, Maine Municipal Association (MMA) moved to strike the Plaintiffs' supplemental statements of material fact and their response to its motion for summary judgment or, in the alternative, moved to be allowed to file a response to the supplemental filings. The Court agrees with the Plaintiffs that their filings were not impermissible and therefore grants MMA's request for further filings.

The Court will briefly review the circuitous trail this motion has followed. After the parties originally filed their motions for summary judgment, they proceeded to nitpick each other's statements of material fact and ended up presenting the Court with an undifferentiated tangle of disputed facts. They could not even agree on how to describe MMA, its sources of funding, and its role in the tax reform initiatives. Faced with the obligation to determine whether there was a single genuine issue of material fact among a set of documents bristling with disputed facts, both large and small, beginning with the very identity of the

Defendant, on September 20, 2011, the Court dismissed the motions without prejudice, conferenced the case, and urged the parties to re-think their approaches. *Order Dismissing Mots. for Summ. J.* (ECF No. 39).

At the September 28, 2011 conference of counsel, the Court informed counsel that, having carefully reviewed the contested statements of fact, it was under the impression that in truth, the parties agreed to more facts than they were willing to admit they agreed to. The Court asked counsel to go back to the drawing board and see if they could come up with a stipulated record so that the Court could cleanly reach the legal issues here. At the conference, the Court acknowledged that after counsel had stipulated to the agreed-to facts, the parties could come to the conclusion that there was a kernel of truly disputed facts that, if material, would preclude summary judgment and would require resolution by a fact-finder. Nevertheless, the parties agreed to attempt to put together a comprehensive stipulation of facts.

On November 3, 2011, the Court held a second conference of counsel at the request of the parties. The Court discussed with counsel the most efficient way to resolve the legal issues that had been presented by the motions for summary judgment and ultimately counsel agreed to attempt to arrive at a stipulation of facts to present to the Court and to a briefing schedule. The parties duly filed the Joint Stipulated Record on November 18, 2011, agreeing to seventeen paragraphs of stipulated facts. *Jt. Stip. of Facts* (ECF No. 48). On December 9, 2011, the parties jointly filed memoranda in support of their respective positions and on December

21, 2011, they filed simultaneous responses. *Pls.' Mem. of Law Concerning Def. Me. Mun. Ass'n's Legal Status and Entitlement to Assert 'Gov't Speech'* (ECF No. 51); *Def. Me. Mun. Ass'n's Mem. of Law Concerning its Entity Status and Application of the Gov't-Speech Doctrine* (ECF No. 52); *Def. Me. Mun. Ass'n's Mem. of Law in Resp. to Pls.' Mem. of Law Concerning Me. Mun. Ass'n's Entity Status and Entitlement to Assert the Gov't-Speech Doctrine* (ECF No. 53); *Pls.' Resp. to Def. Me. Mun. Ass'n's Mem. of Law Regarding Entity Status and Applicability of Gov't Speech Doctrine* (ECF No. 54).

When the Court began to review the submissions of the parties, however, it realized there was no pending motion. On September 20, 2011, the Court had dismissed without prejudice the parties' prior motions and there was no procedural vehicle on which the Court could issue a ruling. Accordingly, on June 15, 2012, the Court held another telephone conference with counsel to bring the absence of a procedural vehicle to counsels' attention. At the conference, counsel discussed proceeding with a couple of options, including a renewed motion for summary judgment and the submission of the stipulated record to the Court. The Court gave counsel a week to discuss how they wished to proceed.

On June 22, 2012, the Court held another telephone conference of counsel. Percolating under the case had been a disagreement between counsel as to how the Court should proceed. Counsel for MMA continued to press its contention that resolving whether MMA or the PACs were government entities would not advance the case because it was not the identity of the MMA and the PACs but the nature of

the message that controlled whether the government speech doctrine applied. Furthermore, MMA contended that even if the Court determined that it was an arm of the government for purposes of the government speech doctrine, the Court would still have to address whether MMA controlled the speech of the PACs.

Nevertheless, it seemed to the Court that it would be appropriate to resolve in the first instance whether the government speech doctrine applied to MMA to begin with. In an effort to accommodate the Court's view, MMA's counsel proposed at the June 22, 2012 conference that the Court rule on MMA's identity and its control over the PACs. MMA suggested that the Court could base its ruling (1) on the Joint Stipulation of the parties; (2) on the previously-filed statements of material fact; (3) on the "some additional facts that [MMA] would rely on from, frankly, from the plaintiffs' statement of undisputed material facts;" and (4) "a limited number of facts that MMA has put before the court that the court has already ruled on that [MMA] believes are really no longer in - - in controversy." *Tr. of Proceedings* 4:9-13 (ECF No. 61) (*Tr.*).

Before the June 22, 2012 telephone conference it had been the Court's impression that the sole issue to be resolved was MMA's identity and MMA's proposal was a slight change in what counsel were proposing. Accordingly, the Court observed that it would be reluctant "to come to a final conclusion without giving [the Plaintiffs] an opportunity to take a look at the record and see whether, now that - - assuming I found it was applicable, he needed to put anything else into the record concerning the PACs and the extent to which MMA controlled the PACs

4

because I don't think that is fleshed out particularly well." *Id.* 8:3-9. The Court clarified that it would base the ruling on the stipulated record, any statements of material fact that had been previously filed with the caveat that MMA would have to set forth the statements it wanted the Court to consider, and any response by the Plaintiffs. *Id.* 9:8-14. The Court allowed MMA to file the stipulation and "then what [it] want[ed] me to consider in addition to the stipulation. *Id.* 10:21-24. MMA asked to be allowed to submit its filings by July 3, 2012, which the Court approved. *Id.* 10:1-3. The Court expressly allowed the Plaintiffs an opportunity to review what MMA filed and either confirm that it was sufficient or alternatively, say to the Court that "[w]e have the - - following additional facts [we'd] like you to consider." *Id.* 10:4-8. The Court gave the Plaintiffs until July 13, 2012 to make any additional filings. *Id.* 10:4-11. Finally, the Court gave MMA the opportunity to respond by July 20, 2012. *Id.* The Plaintiffs' counsel clarified that "once I see what Mr. McDonald has drafted, perhaps if there are additional - - if there are additions to the record that need to be made, I think you allowed me that latitude." *Id.* 12:13-17. The Court responded, "That's right." *Id.* 12:18.

In accordance with this schedule, MMA filed a motion for summary judgment on July 3, 2012. *Mot. for Summ. J. of Def. Me. Mun. Ass'n* (ECF No. 58). In response, the Plaintiffs filed a response in opposition, consisting of six pages of additional argument and four additional statements of material fact on July 13, 2012. *Pls.' Resp. in Opp'n to Def. Me. Mun. Ass'n's Mot. for Summ. J.* (ECF No. 59); *Pls.' Supplemental Statements of Material Fact in Resp. to the MMA's Mot. for*

*Summ. J.* (ECF No. 60).  On July 20, 2012, MMA filed a motion to strike and a reply.  *Def.'s Objection and Mot. to Strike Pls.' Opp'n to Mot. for Summ. J and Supplemental Statements of Fact* (ECF No. 62) (*Def.'s Mot. to Strike*); *Def.'s Reply in Support of Mot. for Summ. J.* (ECF No. 63) (*Def.'s Reply*).  The basis of the motion to strike was that under the Court order, the Plaintiffs had no right to submit additional facts and that the Plaintiffs had "already submitted *five* briefs addressing the government speech doctrine."  *Def.'s Mot. to Strike* at 2-3 (emphasis in original).  MMA contended that "these issues have already been exhaustively briefed and argued, and there is no reason that Plaintiffs could not, in their prior briefing, have made all of the arguments they now present."  *Id.* at 3.  At the same time, MMA requested the right to respond, if the Court did not strike the Plaintiffs' filings and suggested it would respond within fourteen days of the date of this Order.  *Id.* at 3-4.

The Court fundamentally disagrees with MMA as to what the Court intended to order at the June 22, 2012 telephone conference.  The Court intended to allow MMA to present by July 3, 2012 its motion and any additional facts, whether by stipulation or by supplemental statement of material facts, to allow the Plaintiffs to respond by July 13, 2012 with their own supplemental statement of material facts and any further brief argument, and to allow MMA to reply by July 20, 2012 with a response to the Plaintiffs' additional facts and supplemental argument.  Unfortunately, in the free-flow of conversation at the telephone conference, the Court failed to expressly clarify its intention.

6

To cure the problem, the Court DENIES Defendant's Objection and Motion to Strike Plaintiffs' Opposition to Motion for Summary Judgment and Supplemental Statements of Fact (ECF No. 62).  The Court GRANTS the Defendant's motion to be allowed to further respond to the Plaintiffs' July 13, 2012 filings with its own responses both to the supplemental factual filings and to the legal memorandum. Said responses will be due 14 days from the date of this Order or October 2, 2012.

SO ORDERED.


/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 18th day of September, 2012